FILED 24 APR '26 12:17 USDC-ORE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
EUGENE DIVISION**

| | |
|---|---|
| **MARK GAILEY and AMANDA GAYHART,** | **Case No. 6:26-CV-782** |
| Plaintiffs, | |
| v. | **PLAINTIFFS' MOTION TO REMAND** |
| **OPENAI FOUNDATION (formerly OpenAI, Inc.) and OPENAI OPCO, LLC,** | **AND MEMORANDUM IN SUPPORT** |
| Defendants. | |

## PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT

**MOTION**

Pursuant to 28 U.S.C. § 1447(c), Plaintiffs Mark Gailey and Amanda Michelle Gayhart respectfully move this Court to remand this action to the Circuit Court of the State of Oregon for the County of Lane. Defendants' Notice of Removal was filed on April 20, 2026 — one day after the thirty-day removal deadline prescribed by 28 U.S.C. § 1446(b)(1). Because the removal was untimely, this Court lacks removal jurisdiction and the case must be remanded to state court.

## I. INTRODUCTION

This case was filed in Lane County Circuit Court on February 18, 2026. Defendant OpenAI OpCo, LLC was properly served on March 20, 2026 via personal service upon its registered agent, The Corporation Trust Company, at 1209 Orange Street, Wilmington, Delaware 19801. The thirty-day removal window prescribed by federal statute expired on April 19, 2026. Defendants filed their Notice of Removal on April 20, 2026 — one day too late.

The removal statute is strictly construed against removal, and any doubt must be resolved in favor of remand. The thirty-day deadline is mandatory. Because Defendants failed to timely remove this action, remand is required as a matter of law. Upon remand, Defendants will also be in default in state court, having failed to file any responsive pleading in Lane County Circuit Court within the time prescribed by Oregon law.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiffs filed their original Complaint in Lane County Circuit Court on February 18, 2026. Case No. 26CV08661.

2. Plaintiffs filed their First Amended Complaint on March 18, 2026, adding Defendant OpenAI OpCo, LLC as a named defendant.

3. Defendant OpenAI OpCo, LLC was served with the Summons and First Amended Complaint via personal service upon its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801, on March 20, 2026. Service was accepted by Robin Hutt-Banks, Managing Agent Employed at Registered Agent. This is confirmed by the Proof of Service filed with the Lane County Circuit Court on March 31, 2026.

4. The thirty-day period for removal under 28 U.S.C. § 1446(b)(1) began running on March 20, 2026 — the date of service on OpenAI OpCo, LLC.

5. Thirty days from March 20, 2026 is April 19, 2026. Defendants' removal deadline therefore expired on April 19, 2026.

6. Defendants filed their Notice of Removal on April 20, 2026 — one day after the statutory deadline.

7. As of the date of this filing, Defendants have not filed any responsive pleading in Lane County Circuit Court. Defendants are in default under Oregon Rules of Civil Procedure.

## III. LEGAL STANDARD

Under 28 U.S.C. § 1446(b)(1), a notice of removal must be filed within thirty days after receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

Under 28 U.S.C. § 1447(c), a motion to remand on the basis of any defect in removal procedure must be made within thirty days after the filing of the notice of removal. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

The removal statute is strictly construed against removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). The defendant bears the burden of establishing that removal is proper, and any doubt is resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

The thirty-day removal deadline is mandatory and strictly enforced. A removal filed even one day late is untimely and requires remand. Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir. 1980) (strict compliance with removal deadlines required); ARCO Environmental Remediation, L.L.C. v. Department of Health and Environmental Quality, 213 F.3d 1108 (9th Cir. 2000).

## IV. ARGUMENT

### A. Defendants' Notice of Removal Was Filed One Day Late and Is Therefore Untimely.

The facts here are straightforward. Defendant OpenAI OpCo, LLC was served on March 20, 2026. The thirty-day removal clock began on that date. Counting thirty days forward from March 20, 2026:

| Date of Service | March 20, 2026 |
|---|---|
| 30-Day Deadline | April 19, 2026 |
| Date Filed by Defendants | April 20, 2026 |
| Days Late | ONE (1) DAY |

Defendants' own Notice of Removal acknowledges that service occurred on March 20, 2026. See Notice of Removal at paragraph 2: 'The Summons and Petition were served upon The Corporation Trust Company, a registered agent for OpenAI, on March 20, 2026.' Defendants further state in their Notice that 'This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b)(1).' This assertion is incorrect. April 20, 2026 is thirty-one days after March 20, 2026 — not thirty.

Because removal was filed one day after the statutory deadline, the removal is procedurally defective and this Court must remand the case to Lane County Circuit Court.

## B. Remand Is Mandatory — The Court Has No Discretion to Overlook an Untimely Removal.

Unlike subject matter jurisdiction defects, procedural defects in removal — including untimeliness — are waivable, but only if the plaintiff fails to move for remand within thirty days. 28 U.S.C. § 1447(c). Plaintiffs are filing this Motion within thirty days of the April 20, 2026 Notice of Removal. Accordingly, the untimeliness defect has been timely raised and remand is mandatory.

The Ninth Circuit strictly enforces removal deadlines. There is no equitable exception for defendants who miss the deadline by a single day. The statute says thirty days. Defendants had thirty days. They used thirty-one. Remand is required.

## C. Upon Remand, Defendants Are in Default in Lane County Circuit Court.

Upon remand to Lane County Circuit Court, Defendants will have failed to file any responsive pleading within the time required by Oregon law. The response deadline in state court was April 20, 2026. Defendants filed no answer, motion to dismiss, or other responsive pleading in Lane County. Instead, they attempted to remove the case — one day late. Upon remand, Plaintiffs intend to immediately seek entry of default and default judgment pursuant to ORCP 69.

## D. Plaintiffs Are Entitled to Costs and Fees.

Under 28 U.S.C. § 1447(c), an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. Because Defendants filed an untimely removal that required Plaintiffs to expend substantial time and effort responding to federal proceedings, Plaintiffs respectfully request that the Court award costs and expenses associated with the improper removal, including the documented pro se litigation time reflected in Plaintiffs' time log submitted herewith.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. Grant Plaintiffs' Motion to Remand and remand this action to the Circuit Court of the State of Oregon for the County of Lane, Case No. 26CV08661;

2. Award Plaintiffs their costs, expenses, and pro se litigation time incurred as a result of Defendants' untimely and improper removal; and

3. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

Mark Gailey, Plaintiff Pro Se
2250 Beverly St., Springfield, OR 97477
971-917-9416
arrtprogram@gmail.com

Amanda Michelle Gayhart, Plaintiff Pro Se
2250 Beverly St., Springfield, OR 97477
Date: 4/24/2026

# EXHIBIT A

## PLAINTIFFS' COMBINED LITIGATION TIME AND COST LOG

In Support of Plaintiffs' Motion to Remand and Request for Costs and Fees

| | |
|---|---|
| **Case:** | Gailey & Gayhart v. OpenAI Foundation and OpenAI OpCo, LLC |
| **Federal Case No.:** | 6:26-CV-782 |
| **State Case No.:** | 26CV08661 (Lane County Circuit Court) |
| **Submitted by:** | Mark Gailey and Amanda Michelle Gayhart, Pro Se Plaintiffs |
| **Date:** | April 24, 2026 |

This exhibit is submitted pursuant to 28 U.S.C. § 1447(c) in support of Plaintiffs' request for costs and expenses incurred as a result of Defendants' untimely and improper removal. It documents personal time expended by Plaintiffs as pro se litigants across all phases of this litigation, and constitutes evidence of personal burden, time loss, and non-economic damages resulting from Defendants' conduct and the improper removal of this action.

# COMBINED LITIGATION TIME AND COST LOG
## Mark Gailey and Amanda Michelle Gayhart
### Lane County Circuit Court No. 26CV08661 | Federal Case No. 6:26-CV-782

Plaintiffs have devoted substantial personal time, labor, and effort addressing the harm caused by Defendants' conduct, including reviewing the incident, preserving evidence, preparing pleadings, coordinating service of process, researching court procedures, and preparing for ongoing litigation. This log reflects a reasonable estimate of time expended by Plaintiffs as pro se litigants and is submitted as evidence of personal burden, time loss, and non-economic damages resulting from Defendants' conduct and improper removal.

## SECTION 1 — PERSONAL LITIGATION BURDEN | Rate: $50.00/hour

| # | Task Description | Hrs | Amount |
|---|---|---|---|
| 1 | Review of generated image, incident analysis, and documentation of harm | 4.0 | $200.00 |
| 2 | Preservation of screenshots, evidence gathering, and attempts to correct the issue | 3.5 | $175.00 |
| 3 | Drafting original Complaint, review, revisions, and preparation for filing | 8.0 | $400.00 |
| 4 | Drafting First Amended Complaint, damages review, and legal theory refinement | 5.0 | $250.00 |
| 5 | Civil filing preparation, contact sheets, indigency paperwork, and court organization | 4.0 | $200.00 |
| 6 | Service of process coordination, summons review, Delaware service prep, and follow-up | 5.0 | $250.00 |
| 7 | Review of Oregon civil procedure rules, response deadlines, and litigation strategy | 4.5 | $225.00 |
| 8 | Motion to Dismiss preparation, hearing preparation, and legal response drafting | 4.0 | $200.00 |
| 9 | Discovery preparation, interrogatories, document requests, and admissions planning | 4.0 | $200.00 |
| | **SECTION 1 TOTAL** | **42.0** | **$2,100.00** |

## SECTION 2 — LEGAL RESEARCH, STRATEGY & DOCUMENT DRAFTING | Rate: $150.00/hour

| # | Task Description | Hrs | Amount |
|---|---|---|---|
| 1 | Case review — litigation binder analysis, timeline, complaint summary, and settlement range | 1.00 | $150.00 |
| 2 | Legal research — AI-related lawsuits, class action potential, DEFIANCE Act, comparable cases | 1.00 | $150.00 |
| 3 | Evidence analysis — legal classification of AI-generated image and identity misrepresentation | 0.50 | $75.00 |
| 4 | Case value assessment — damages analysis, settlement range, and leverage factor review | 0.50 | $75.00 |
| 5 | Procedural research — ORCP 69A/69B default procedure, federal removal, jurisdiction review | 1.00 | $150.00 |
| 6 | Document drafting — Request for Entry of Default and Motion for Default Judgment | 0.75 | $112.50 |
| 7 | Document drafting — Declarations of Mark Gailey and Amanda Michelle Gayhart | 0.50 | $75.00 |
| 8 | Notice of Removal analysis — federal case, diversity jurisdiction, strategy adjustment | 0.75 | $112.50 |
| 9 | Attorney outreach — Eugene-area plaintiff attorney research and outreach letter drafting | 0.50 | $75.00 |
| 10 | Meet and confer preparation — Stoel Rives email review, talking points for attorney call | 0.50 | $75.00 |
| 11 | Document drafting — Plaintiffs' Opposition to Motion to Dismiss (federal court format) | 1.00 | $150.00 |
| 12 | Document drafting — Second Amended Complaint (federal format, three claims for relief) | 1.00 | $150.00 |
| 13 | Filing research — PACER/CM/ECF registration and pro se federal filing instructions | 0.25 | $37.50 |
| 14 | Time log and exhibit preparation — pro se cost documentation for damages claim | 0.25 | $37.50 |
| | **SECTION 2 TOTAL** | **9.50** | **$1,425.00** |

**GRAND TOTAL — ALL SECTIONS COMBINED**

| Category | Hours | Rate | Total |
|---|---|---|---|
| Section 1 — Personal Litigation Burden | 42.0 | $50.00/hr | $2,100.00 |
| Section 2 — Legal Research & Document Drafting | 9.5 | $150.00/hr | $1,425.00 |
| GRAND TOTAL | 51.5 | | $3,525.00 |

These amounts are not presented as attorney fees, but as reasonable compensation for substantial personal time loss, litigation burden, legal research, and disruption caused by Defendants' conduct and their untimely removal of this action. This log will be supplemented as litigation continues.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: April 24, 2026

Mark Gailey, Plaintiff, Pro Se
2250 Beverly St., Springfield, OR 97477
971-917-9416 | arrtprogram@gmail.com

Amanda Michelle Gayhart, Plaintiff, Pro Se
2250 Beverly St., Springfield, OR 97477

## CERTIFICATE OF SERVICE

I hereby certify that on the date signed below, I served a true copy of the foregoing Motion to Remand upon Defendants' counsel by U.S. Certified Mail, Return Receipt Requested, and by email to:

Nathan R. Morales — nathan.morales@stoel.com

Stoel Rives LLP, 760 SW Ninth Ave, Suite 3000, Portland, OR 97205

Alexander R. Miller — alex.miller@wsgr.com

Wilson Sonsini Goodrich & Rosati, 701 Fifth Ave, Suite 5100, Seattle, WA 98104

Mark Gailey
Date: 4-24-2026

Amanda Gayhart
4.24.2026